

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2007

# Weldon v. Cywinski

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3753

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Weldon v. Cywinski" (2007). *2007 Decisions.* Paper 1404.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1404

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-166                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3753
_____

ROBERT C. WELDON,

Appellant

v.

JEFF CYWINSKI; MR. GRIEGO; ROBERT KOMSISKY;
DONALD JONES; JAMES MCGRADY; RICHARD HOLMES;
THOMAS STACHELEK; KENNETH BURNETT; THOMAS LAVAN;
DONALD KELCHNER; JEFFREY A. BEARD; DEPARTMENT OF
CORRECTIONS; MR. BUZINK; MR. TUPPER; PENNSYLVANIA
STATE POLICE; THE STATE OF PENNSYLVANIA

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-00529)
District Judge: Honorable William W. Caldwell
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
March 22, 2007

Before:    SLOVITER, CHAGARES AND GREENBERG, Circuit Judges.

(Filed:  March 29, 2007)

_____

OPINION
_____

PER CURIAM

Robert C. Weldon appeals from the orders of the United States District Court for the Middle District of Pennsylvania entering judgment in favor of certain defendants and dismissing his claims filed against the Commonwealth of Pennsylvania, the Pennsylvania State Police, the Department of Corrections ("DOC"), a state trooper, a state magistrate judge, and a certain DOC official. For the following reasons, we will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B).

In 2004, Weldon filed a complaint for injunctive relief and damages under 42 U.S.C. § 1983. In it, he alleged that two non-defendant prison officials who had issued false disciplinary misconducts against him retaliated after he complained about them by intimidating him and placing him in a cell with another inmate who ultimately assaulted him. He claims that the state trooper investigating the assault should have charged the inmate with assault instead of harassment and that the magistrate judge who heard the matter should have found the inmate guilty. The district court dismissed the claims against the Commonwealth, the state police and the DOC on Eleventh Amendment immunity grounds, dismissed the claim against the state magistrate judge because he was entitled to absolute judicial immunity, and dismissed the claims against Buzink and Burnett for failure to state a claim. The court granted summary judgment to the rest of the defendants–DOC officials–because Weldon had failed to exhaust his claims through the prison's grievance system.

Because Weldon is proceeding in forma pauperis, we must analyze his appeal for

2

possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under that statute, we must dismiss an appeal if it lacks arguable merit in fact or law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We substantially agree with the district court's disposition on Weldon's claims. It correctly dismissed the claims against the Commonwealth of Pennsylvania, the Pennsylvania State Police and the DOC as barred by the Eleventh Amendment. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Bolden v. Se. Pa. Trans. Auth., 953 F.2d 807, 813-14 (3d Cir. 1991). The district court also properly determined that state magistrate judge Tupper was entitled to absolute judicial immunity from the claims for damages. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000).[1]

Furthermore, to state a claim for relief under § 1983, a complaint must sufficiently allege a deprivation of a right secured by the Constitution. See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Accepting as true all of the factual allegations in the complaint, as well as all reasonable inferences that can be drawn from them, we agree with the district court's conclusion that Weldon's claims against grievance coordinator Burnett and Trooper Buzink should be dismissed under § 1915(e)(2)(B) because they fail to state a claim for which relief may be granted. In neither instance did Weldon allege the deprivation of a constitutionally-protected right.

---

[1] Weldon's demand for injunctive relief concerns his request to be transferred to a federal prison–a demand which is not made of Tupper, nor does it have anything to do with Weldon's claim against him.

The district court granted summary judgment as to the remaining claims against the prison officials because Weldon had failed to properly exhaust his administrative remedies. Before filing suit, a prisoner must properly exhaust the administrative remedies available to him. See Jones v. Bock, 127 S. Ct. 910, 922-23 (2007). Compliance with the grievance procedures of a particular prison is what determines whether a prisoner has "properly exhausted" the remedies available. See id. at 923. Weldon admits that he did not file grievances regarding the facts alleged in his complaint. Instead, he states that he complained to the State Police and pursued the matter through the criminal courts. During the course of this case, Weldon submitted copies of grievance forms that he has filed, but none readily addresses the facts he alleged in his complaint against the DOC officials named in this action.[2] Before attempting to obtain relief for alleged civil rights violations committed by prison officials in federal court, Weldon needed to have utilized the proper administrative procedures. Because he did not do so, the district court properly granted summary judgment in favor of the DOC officials for failure to exhaust.

We will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). Weldon's motions for appointment of counsel and for a stay of appeal are denied.

---

[2] Several of the copies of grievance forms submitted with his opposition to summary judgment are illegible, but it is clear from Weldon's explanations and the admission in his complaint that those grievances did not serve to "properly exhaust" his administrative remedies with respect to the claims alleged in this case.